UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED REEVES,

           Plaintiff,           Case No. 1:06-cv-483

v.                                        Honorable Richard Alan Enslen

LEE GILMAN, *et al.*,

           Defendants.
_____/

## ORDER OF DISMISSAL

      This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On July 25, 2006, the Court issued an Opinion and Order denying Plaintiff leave to proceed *in forma pauperis* because he was barred by the "three-strikes" rule of 28 U.S.C. § 1915(g). The Court required Plaintiff to pay the $350.00 civil action filing fee within thirty days, and warned Plaintiff that his case would be dismissed without prejudice should he fail to pay. The Court also warned Plaintiff that he would be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

      Plaintiff filed an objection to the Court's Order denying him leave to proceed *in forma pauperis*. In his objection, Plaintiff claims that the instant action is the re-filing of a 2004 lawsuit, in which this Court granted Plaintiff leave to proceed *in forma pauperis*. *See Reeves v. Gilman et al.*, 4:04-cv-108 (W.D. Mich.). The Court ultimately dismissed the 2004 *Gilman* case without prejudice because Plaintiff failed to fully disclose his prior lawsuits on the form complaint.[1]

---

[1] On March 31, 2004, Chief Judge Robert Holmes Bell issued an injunction requiring Plaintiff to file all future

Plaintiff argues that he should be granted *in forma pauperis* status in this re-filed case because he was granted leave to proceed *in forma pauperis* status in the previously dismissed action. Plaintiff's argument is without merit. The "three strikes" statute provides:

> In no event shall a prisoner *bring* a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). Plaintiff does not dispute that he has three previous actions that were dismissed for failure to state a claim, nor does Plaintiff contend that he is in imminent danger of serious physical injury. Under the express language of the state, Plaintiff may not "bring" this action *in forma pauperis* because he presently has three strikes. Accordingly, Plaintiff's objections to the order denying him leave to proceed *in forma pauperis* are overruled.

Moreover, Plaintiff is not excused from paying the filing fee under the Sixth Circuit's recent decision in *Owens v. Keeling*, __ F.3d __, No. 03-6559, 2006 WL 2471963 (6th Cir. Aug. 29, 2006). In *Owens*, the Court held that "when a prisoner 're-files' a complaint raising the same prison-conditions claims as a complaint that was initially dismissed without prejudice for failure to exhaust under the PLRA . . . the prisoner need not pay an additional filing fee under 28 U.S.C. § 1914(a)." *Owens*, 2006 WL 2471963, at *7. While the instant complaint is a re-filing of *Reeves v. Gilman et al.*, 4:04-cv-108 (W.D. Mich.), the previous action was not dismissed without prejudice for failure to exhaust administrative remedies. Rather, the Court dismissed Plaintiff's action without prejudice because he purposefully failed to disclose his previous lawsuits and instead, in a deceptive

---

complaints on the form complaint and to complete all sections of that form. *See Reeves v. Smith,* 4:03-cv-50 (W.D. Mich.), Judgment and Injunction, Dkt. No. 233.

manner, disclosed only one prior lawsuit. As Plaintiff's previous action was not dismissed for lack of exhaustion, the Court properly assessed the filing fee in this case.

Since Plaintiff has failed to pay the $350.00 filing fee, this action will be dismissed without prejudice. The obligation to pay the full filing fee arises at the time the civil complaint is filed in the Court; therefore, Plaintiff remains liable for payment of the civil action filing fee despite the dismissal of his action. *See In re Alea*, 286 F.3d at 381. Not to require payment of the full filing fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints without financial consequence. *Id.* Accordingly, the agency having custody of Plaintiff shall collect the $350.00 civil action filing fee and remit the funds to the Clerk of this Court. The check or money order shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made. Therefore:

**IT IS ORDERED** that the above captioned case is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect the $350.00 civil action filing fee and remit the funds to the Clerk of this Court.

**IT IS FURTHER ORDERED** that for the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Further, should Plaintiff appeal this decision, he must pay the $455.00 appellate filing fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

DATED in Kalamazoo, MI:　　　　　　/s/ Richard Alan Enslen
　　October 2, 2006　　　　　　　　RICHARD ALAN ENSLEN
　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE